IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Tito Lemont Knox, #13813-171, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 9:07-1792-HMH-GCK |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court with the Report and Recommendation of United States

Magistrate Judge George C. Kosko made in accordance with 28 U.S.C. § 636(b) and Local Civil

Rule 73.02 of the District of South Carolina.[1]  Tito Lemont Knox ("Knox"), a federal detainee

proceeding pro se, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241.  In his Report and

Recommendation, Magistrate Judge Kosko recommends: (1) dismissing Knox's § 2241 petition;

(2) denying Knox's motion for transmittal of all writs, expungement of records and release; (3)

considering moot Knox's motion for an extension of time; (4) granting the Respondent's motion

for summary judgment; (5) denying Knox's motion to compel discovery and for sanctions; (6)

denying Knox's motion for Rule 60(b) relief from judgment or order regarding commitment

under 18 U.S.C. § 4243; (7) denying Knox's motion for release; (8) denying the Respondent's

motion to appoint guardian ad litem; (9) denying Knox's motion for immediate release to his

mother; (10) denying Knox's motion to appoint counsel; (11) denying in part and considering

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (2006).

moot in part Knox's motion to expel information from the 911 tapes and for the Magistrate Judge to issue a Report in this matter in part; and (12) considering moot Knox's motion for copy of commitment documents.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Knox is currently detained at the Federal Medical Center in Rochester, Minnesota. On June 13, 2005, Greenville County officers arrested Knox after receiving a report of a suspicious person discharging a firearm. (Knox's § 2241 Pet. Attach. (Incident Report).) After observing Knox lying on the ground and running his hand along a rope, which Knox referred to as a snake, Sheriff's Deputy Travis Graham ("Deputy Graham") asked Knox if he had a gun. (Id.) Knox stated that he had a BB rifle in his truck, which Deputy Graham retrieved. (Id.) In addition, Deputy Graham retrieved a .357 magnum Ruger revolver from Knox during a search performed after neighbors informed the officer that Knox had a mental condition and a handgun on his person that he had previously fired toward the roadway before Deputy Graham's arrival. (Id.)

As a result of the above events, Knox was indicted in criminal case number 6:06-269 in this court for possession of a firearm by a convicted felon on March 14, 2006. Knox moved to suppress evidence of the .357 revolver on the ground that it was discovered during a warrantless search not covered by any exception to the warrant requirement. On June 19, 2007, the court found that the search of Knox was constitutional and denied Knox's motion to suppress.

Later the same day, this court conducted a bench trial and, based on the facts of the case and a report regarding Knox's mental examination, found Knox competent to proceed but not guilty by reason of insanity. On June 21, 2007, the court ordered Knox to be committed for treatment until he was no longer a threat to himself or others pursuant to 18 U.S.C. § 4243.

Knox filed the instant § 2241 petition on June 25, 2007,[2] alleging that the June 13, 2005, search violated his Fourth Amendment rights, rendering his resulting detainment unlawful. The Magistrate Judge entered his Report and Recommendation on May 2, 2008, recommending, inter alia, that the Respondent's motion for summary judgment be granted. Knox filed objections to the Report and Recommendation on May 12, 2008.[3]

## II. DISCUSSION OF LAW

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Knox's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection to the Magistrate Judge's Report and Recommendation.

Knox objects to the Magistrate Judge's finding that because Knox failed to file a direct appeal of the issues he challenges in his § 2241 petition, he is required to demonstrate cause and actual prejudice or that a miscarriage of justice would result from the refusal of the court to

---

[2] See Houston v. Lack, 487 U.S. 266 (1988).

[3] See id.

3

entertain the collateral attack.  (Objections 7.)  The Magistrate Judge noted that a showing of actual innocence would satisfy this test.  (Report and Recommendation 8.)

Knox asserts that "he does not need to prove actual innocence" and is required only "to show . . . the prisoner is in custody in violation of the Constitution or treaties of the United States."  (Id.)  However, the court agrees with the Magistrate Judge that "[i]n order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack."  United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999); see also Bousley v. United States, 523 U.S. 614, 622 (1998).  Therefore, Knox's argument that he is not required to make such a showing is without merit.

In addition, Knox appears to claim that he is actually innocent because if officers had not performed an allegedly illegal search of him, they would not have found any incriminating evidence.  (Objections 5.)  However, claims of innocence must be based on "factual innocence not mere legal insufficiency."  Bousley, 523 U.S. at 623; see also Kuhlmann v. Wilson, 477 U.S. 436, 454 n.17 (1986) ("[To support a claim of actual innocence,] the prisoner must show a fair probability that, in light of all the evidence, including that alleged to have been illegally admitted . . . , the trier of the facts would have entertained a reasonable doubt of his guilt.").  Under this standard, Knox presents no evidence to support a finding of actual innocence.  Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation.

It is therefore

**ORDERED** that Knox's § 2241 petition is dismissed, and the Respondent's motion for summary judgment, docket number 38, is granted. It is further

**ORDERED** that Knox's motion for transmittal of all writs, expungement of records and release, docket number 33, is denied. It is further

**ORDERED** that Knox's motion for an extension of time, docket number 34, is moot. It is further

**ORDERED** that Knox's motion to compel discovery and for sanctions, docket number 41, is denied. It is further

**ORDERED** that Knox's Rule 60(b) motion, docket number 42, is denied. It is further

**ORDERED** that Knox motion for release, docket number 55, is denied. It is further

**ORDERED** that the Respondent's motion to appoint guardian ad litem, docket number 58, is denied. It is further

**ORDERED** that Knox's motion for immediate release to his mother, docket number 61, is denied. It is further

**ORDERED** that Knox's motion to appoint counsel, docket number 65, is denied. It is further

**ORDERED** that Knox's motion to expel information from 911 tapes from all records and for the Magistrate Judge to issue a Report in this matter, docket number 67, is denied in part and moot in part. It is further

**ORDERED** that Knox's motion for copy of commitment documents, docket number 71, is moot.

5

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
May 20, 2008


### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within sixty (60)

days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.